# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LEONARD COLEMAN, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:16-CV-036-JVB |
| | ) |
| SUPERINTENDENT | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Leonard Coleman, Sr., a pro se prisoner, filed a habeas corpus petition attempting to challenge his convictions and 50 year sentence by the Tippecanoe Superior Court under cause number 79D02-0503-FB-18 on September 28, 2005. However, habeas corpus petitions are subject to a strict one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 16 on the habeas corpus form included the entire text of 28 U.S.C. § 2244(d). That question asked Coleman to explain why the petition was timely. His response was, "Petitioner has filed everything in state court and was denied." (DE 1 at 7.) Neither that response, nor anything else in the petition (or any of his other filings in this case, DE 2, 3, 4, 5, 6, and 7) indicates that this habeas corpus petition is based on a newly recognized Constitutional right or newly discovered evidence. Neither is there any indication that a state-created impediment prevented him from filing his federal petition on time. Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began on the date when the judgment became final upon the expiration of the time for seeking direct review of his conviction and sentence.

In this case, Coleman's conviction became final when the deadline expired for filing a petition to transfer to the Indiana Supreme Court. The Court of Appeals of Indiana denied the direct appeal on September 29, 2006. (DE 1 at 2.) The deadline for filing a petition to transfer expired on October 30, 2006. *See* Indiana Rules of Appellate Procedure 57(C) which provides that a notice of appeal must be filed within 30 days. *See also* Indiana Rules of Appellate Procedure 25(B). which provides that when the last day is a non-business day, the deadline expires the next business day.

The deadline for filing a habeas corpus petition expired one year later on October 30, 2007. Coleman filed a post-conviction relief petition on April 26, 2011. DE 1 at 2. However, by then the time for filing a habeas corpus petition had already expired and it was too late to toll the 1-year period of limitation. Moreover, filing the post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Thus, when Coleman signed this habeas corpus petition on January 25, 2016, it was more than eight years late. Because the petition is untimely, it must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484--85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id*. As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

**SO ORDERED** on June 22, 2016.

 s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE